NATALIE C. LARSON ANDERSON 024624
KUTAK ROCK LLP
8601 North Scottsdale Road, Suite 300
Scottsdale, AZ  85253-2742
Telephone: (480) 429-5000
Facsimile:  (480) 429-5001
natalie.anderson@kutakrock.com
*Attorneys for Plaintiff*
*Wazee Digital, Inc.*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WAZEE DIGITAL, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL A. SHANKS, an individual, and TODAY IS HISTORY, LLC, an Arizona limited liability company,<br><br>    Defendants. | NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Wazee Digital, Inc. ("**Wazee Digital**"), by and through its attorneys, Kutak Rock LLP, and for its Complaint and Jury Demand against Michael A. Shanks ("**Shanks**") and Today Is History, LLC ("**TIH**") (collectively, the "**Defendants**"), states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Wazee Digital is a Delaware corporation with its principal place of business in Denver, Colorado.

2. Upon information and belief, Michael A. Shanks, an individual, is a citizen and resident of the State of Arizona, and at all times material hereto was a resident of Maricopa County, Arizona.

3.  TIH is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona. Upon information and belief, Shanks is the sole member of TIH.

4.  This action is brought under the federal Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. and the court's supplemental jurisdiction.

5.  The court has original subject matter jurisdiction in the instant case as the instant case is a civil action arising out of the federal question under the laws of the United States.

6.  The amount in controversy in the instant case exceeds $75,000.

7.  The Court may exercise subject matter jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

8.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c)(1), (c)(2), and 1400(a) because, among other things, the Defendants reside and conduct business in this District and the acts giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

9.  Wazee Digital is a company that licenses video footage and photographs for various content owners and creators, including the National Collegiate Athletic Association ("**NCAA**"), BCS Properties, LLC ("**BCSP**"), The Big Ten Conference, Inc. ("**The Big Ten**"), and Pac-12 Enterprises, LLC ("**Pac-12 Enterprises**") (collectively, and together with other various content owners and creators, the "**Content Partners**"). In addition, Wazee Digital registers its Content Partners' proprietary content for copyright protection and is responsible for enforcing and protecting its Content Partners' intellectual property rights, pursuant to contractual agreements.

10. In August of 2010, Wazee Digital[1] entered into an amended arrangement with the NCAA whereby Wazee Digital agreed to register for copyright protection certain footage

---

[1] At various relevant times, the entity that is now known as Wazee Digital was known as Thought Equity Motion, Inc. or T3Media, Inc. For the sake of simplicity, this Complaint uses the term "Wazee Digital" to refer to any and all of these entities.

belonging to the NCAA. The arrangement is memorialized, among other places, in an agreement entitled Amended and Restated Digital Asset Management and Content Licensing Agreement for The NCAA ("**Authorization**").

11. The Authorization provides Wazee Digital with the express right to enforce, among other things, any copyright belonging to the NCAA.

12. On or about October 22, 2014, Wazee Digital and the NCAA entered into a separate agreement whereby Wazee Digital agreed to be the exclusive licensing agent of certain video footage and photographs belonging to the NCAA, to third parties. The third parties received the right to use the footage in certain enumerated ways in exchange for agreeing to pay an established license fee. Wazee Digital and the NCAA each received a share of the license fees. This arrangement is memorialized, among other places, in an agreement entitled Digital Asset Management and Photo Library Licensing Agreement for the NCAA.

13. Wazee Digital entered into similar exclusive licensing arrangements with its other Content Partners, including BCSP ("**Licensing Agreement**," effective July 1, 2014), the Big Ten ("**Master Services Agreement**," effective July 1, 2015), and Pac-12 Enterprises ("**Distribution Agreement**," effective August 1, 2015).

14. In each of these agreements, Wazee Digital agreed to license video footage belonging to each respective Content Partner to third parties, and Wazee Digital and the Content Partner agreed to share the license fees. Each Content Partner also granted Wazee Digital the right to enforce the Content Partners' intellectual property rights, including their copyrights.

**The Copyrighted Works**

15. Wazee Digital has filed completed copyright registration applications with the U.S. Copyright Office for the following works ("**Registered Works**") belonging to, and on behalf of, the Content Partners:

a) *2016 Division I Men's Football - Fiesta Bowl - Notre Dame vs. Ohio State* (U.S. Copyright Office Case No. 1-4021370257).

    b)    *2015 Pac-12 Division I Men's Football - Regular Season - Arizona State vs Colorado* (Case No. 1-4021370292).

    c)    *2014 Big Ten Division I Men's Football - Regular Season - Virginia Tech vs Ohio State* (Case No. 1-4021370327).

    d)    *2016 NCAA Division I Men's Basketball - Championship Final - North Carolina vs Villanova* (Case No. 1-3930525190).

    e)    *2016 NCAA Division I Men's Basketball - Championship Final - North Carolina vs Villanova - Melt* (Case No. 1-3930662272).

The completed applications for the foregoing copyrighted works are attached hereto as **Exhibits 1 through 5**.

16. These works were originally created by various broadcasters, including ESPN, Pac12 Network, and Turner Broadcasting Systems, Inc. The broadcasters assigned the copyrights to the various Content Partners, who in turn authorized Wazee Digital to register and enforce the copyrights on their behalf.

### TIH Created Videos Containing Copyrighted Video Clips and Photographs

17. Upon information and belief, Shanks formed TIH in 2013.

18. Shanks filed Articles of Organization with the Arizona Corporations Commission for TIH in March 2014, listing himself as the company's sole member, and listing his address as TIH's business address.

19. Upon information and belief, TIH specializes in video production.

20. TIH's business model consists of packaging its customers' videos and photographs with other copyrighted photographs, as well as video and audio clips from other sources. TIH's website describes its products and services as follows:

> Today is History helps sports fans blend their own personalized perspectives with additional content from social and broadcast media to create one-of-a-kind video time capsules.

4828-0595-8714.1

> . . . For most people, self-made videos always turn out looking mediocre at best. Our customized time capsules transform your memories into history you'll cherish forever.

TODAY IS HISTORY, https://todayishistory.com (last visited September 27, 2016).

21. Upon information and belief, sports fans who attend an NCAA college basketball game would furnish Defendants with the fan's cell phone video footage and still photographs of the game. Defendants then incorporate those clips into a longer video, composed of official broadcast footage of the game and other clips posted by third parties to social media websites. The end result is a video several minutes in length, inserting the fan's footage and photographic image into what otherwise looks like a highlight montage from the game or an NCAA promotional video.

22. In Defendants' videos, the fans' footage represents only a small percentage—sometimes only a few seconds—of a final product that is minutes long. The majority of footage in Defendants' videos was not filmed or photographed by the fans or Defendants.

23. Defendants distribute these videos by providing them to the customers, and by publishing them on TIH's website and on third-party websites and platforms, including Vimeo.com and Apple's iTunes app store, which are available to the general public.

24. Defendants created a series of videos using hundreds of seconds of video clips and photographs from the Content Partners' Registered Works, as well as other unregistered copyrighted works belonging to the Content Partners, without permission.

25. Defendants did not license any clips from the Registered Works or other unregistered copyrighted works belonging to the Content Partners from Wazee Digital.

26. Defendants did not pay fees or otherwise compensate Wazee Digital for using the Registered Works or other unregistered copyrighted works.

27. In the videos created by Defendants that Wazee Digital has identified to date, Defendants used anywhere from several seconds to more than ten minutes' worth of each Content Partner's video clips, in addition to photographs, without permission.

28. For example, in one TIH video about a fan's experience at the Fiesta Bowl® in 2016, the fan's own footage and photographs represented less than a quarter of Defendants' video running time. More than three-quarters of the video is composed of video clips and photographs from the Registered Works and other unregistered copyright material belonging to the Content Partners and others.

29. The cost to license all of the Content Partners' video clips and photographs that Defendants incorporated into their videos exceeds $200,000.

### Wazee Digital Discovers Defendants' Infringing Videos

30. In July 2016, Shanks approached Wazee Digital requesting to license approximately 20 to 30 seconds of video footage of Atlantic Coast Conference ("**ACC**") football game highlights to use in connection with a TIH mobile phone app that would allow fans to create video time capsules.

31. Wazee Digital licenses video footage for the ACC, as it does for the other Content Partners.

32. Shanks explained that TIH's mobile app was currently customized for Boston College, "since they will be the first team to use it for a game, but Virginia Tech, North Carolina, Duke and Wake Forest are also interested. . . . We have a ton of traction for the upcoming football season . . . ."

33. In reviewing Defendants' request, Wazee Digital discovered that Defendants had already created and published videos on todayishistory.com and other websites or digital platforms containing copyrighted video clips and photographs belonging to the Content Partners.

34. Wazee Digital confirmed that the ACC was unaware of Defendants' mobile app project.

35. Wazee Digital denied Defendants' request to license the ACC footage.

36. On August 24, 2016, pursuant to its contractual agreements with the Content Partners, Wazee Digital demanded that Defendants remove the infringing material from the Internet and compensate Wazee Digital for the licensing fees for such material.

4828-0595-8714.1

37.     Defendants agreed to remove all infringing videos from the Internet that Wazee Digital identified.  However, Defendants refused to license the copyrighted material or compensate Wazee Digital or the Content Partners for their loss of licensing revenue.

38.     Although Defendants removed some infringing videos, Wazee Digital later identified other infringing videos, posted under different account names, which, on information and belief, Defendants created and published.  These videos were linked from, or embedded on, the TIH website.  These videos have since been removed.

39.     Despite Defendants' awareness of their infringement, they continue to pursue business opportunities and partnerships for their sporting events mobile app, which depends on using copyrighted material, and have attempted to circumvent the licensing structure put in place by Wazee Digital and its Content Partners by directly contacting the Content Partners.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

40.     Wazee Digital incorporates the foregoing allegations as if fully set forth herein.

41.     The Content Partners own the copyrights for the Registered Works.

42.     Wazee Digital has the express right to register copyrights for, and enforce the intellectual property of, the Content Partners as their exclusive licensing agent, pursuant to its agreements with the Content Partners.

43.     Wazee Digital, on behalf of the Content Partners, has filed applications for registration of the copyrights for each of the Registered Works with the U.S. Copyright Office.  Those applications are complete and have been received by the U.S. Copyright Office.

44.     Defendants have infringed the copyrights of the Content Partners by obtaining, copying, editing, creating a derivative work with, and/or broadcasting video clips and photographs of the Registered Works on the Internet and to third parties, without a license, for commercial gain.

4828-0595-8714.1

45. Defendants have been engaged in unfair trade practices and unfair competition to Wazee Digital's and Content Partners' damage.

46. Wazee Digital has notified Defendants that Defendants have infringed the copyrights of the Registered Works, but the Defendants have continued to infringe the copyrights.

47. Based on Defendants' experience in the digital media marketplace, and in light of their request to license some ACC video clips, Defendants knew that exploiting the video clips without permission and without a license was in violation of federal and state law.

48. Defendants knowingly and willfully committed acts of infringement.

49. As a result of Defendants' acts of infringement, Wazee Digital and the Content Partners have been damaged.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment – In )

50. Wazee Digital incorporates by reference the foregoing allegations as if fully set forth herein.

51. Defendants were enriched by using and exploiting unregistered copyrighted material belonging to the Content Partners for financial gain, without permission and without paying any licensing fees.

52. Defendants were enriched by, among other things, creating a business model and pursuing business opportunities by exploiting the copyrighted video clips, and by selling videos to individuals.

53. Wazee Digital has been impoverished because it did not receive customary licensing fees from Defendants and by the unauthorized use of the Content Partners' copyrighted materials and the resulting confusion by the public.

54. Defendants failed to obtain permission from Wazee Digital or the Content Partners prior to using the copyrighted materials.

55. Based on Defendants' experience in the digital media marketplace, and in light of their request to license some ACC video clips, Defendants knew that exploiting the video clips without permission and without a license was in violation of federal and state law.

56. Defendants received a benefit at Wazee Digital's expense, and in good conscience, Defendants should compensate Wazee Digital.

57. Defendants have no justification for their enrichment and Wazee Digital's impoverishment.

58. There is no adequate remedy at law to compensate Wazee Digital for Defendants' actions.

59. Inequity can be avoided only through an award of damages to Wazee Digital in an amount to be proven at trial, plus interest and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Injunctive Relief)

60. Wazee Digital incorporates by reference the foregoing allegations as if fully set forth herein.

61. On information and belief, Defendants continue to operate a business that depends on misappropriating copyrighted video clips and photographs without permission. Defendants' business model is not financially viable without misappropriating copyrighted video clips and photographs of the Content Partners.

62. Defendants have demonstrated an intention to continue to pursue digital video business opportunities with college athletic conferences, such as the ACC, which involve exploiting videos containing the Content Partners' copyrighted material.

63. Wazee Digital is contractually obligated to police the infringement of the Content Partners' intellectual property rights. Wazee Digital's business relationships with the Content Partners are threatened by the continued infringement of the Content Partners' content, to which Wazee Digital holds a license.

64. Defendants' continued infringement circumvents and threatens the licensing scheme Wazee Digital and the Content Partners have put in place to protect their brands.

1  The Content Partners' loss of control over branding and their image cannot be adequately
2  compensated by money damages.

3      65.    Wazee Digital and the Content Partners have sustained and continue to sustain
4  a real and immediate threat of irreparable injury as a result of Defendants' actions.

5      66.    Wazee Digital and the Content Partners are likely to succeed on the merits,
6  entitling them to a preliminary and permanent injunction against the Defendants.

7      67.    The balance of hardships in this case favors Wazee Digital and the Content
8  Partners.

9      68.    Wazee Digital and the Content Partners are harmed financially by continued
10  infringement of the Defendants, and such harm is irreparable.

11      69.    Wazee Digital and the Content Partners are left without an adequate remedy at
12  law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wazee Digital, prays that judgment be entered in its favor and against Defendants Shanks and TIH on each and every claim asserted herein, and that it be awarded the following relief:

    a.    An order finding that Defendants have infringed the copyrights of the Content Partners, which Wazee Digital has the exclusive right to license;

    b.    A preliminary and permanent injunction against Defendants' continued infringement of the copyrighted works of the Content Partners, as permitted under 17 U.S.C. § 502;

    c.    An order requiring that all infringing materials, copies thereof, and other records related thereto, in the possession, custody, or control of Defendants be impounded and destroyed within 30 days of entry of judgment as permitted under 17 U.S.C. § 503;

    d.    An award of statutory damages as provided in 17 U.S.C. § 504(c), or Wazee Digital's actual damages and the profits obtained by Defendants as provided in 17 U.S.C. § 504(b);

    e.    Costs and attorneys' fees as permitted under 17 U.S.C. § 505;

4828-0595-8714.1

1    f.  Preliminary and permanent injunctive relief enjoining Defendants, and all persons in active concert or participation with Defendants, from using any works belonging to the Content Partners;

   g.  Damages, including special and consequential damages, in an amount to be calculated at trial;

   h.  Pre-judgment interest;

   i.  Post-judgment interest; and

   j.  Any such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Respectfully submitted on October 6, 2016.

KUTAK ROCK LLP

By  s/ Natalie C. Anderson
Natalie C. Anderson
Kutak Rock LLP
8601 N. Scottsdale Rd., Suite 300
Scottsdale, AZ 85253
Telephone: (480) 429-5000
natalie.anderson@kutakrock.com
*Attorneys for Plaintiff*
*Wazee Digital, Inc.*

11

4828-0595-8714.1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2016, the foregoing COMPLAINT AND JURY DEMAND was electronically transmitted to the Clerk's Office using the CM/ECF System for filing.

By: s/ Joanne Krpata